UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM. No. 3:19-00397-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JERRY DAKOTA JOHNSTON** | **MAG. JUDGE KAREN L. HAYES** |

**WRITTEN RULING ON DEFENDANT'S
OBJECTIONS TO PRESENTENCE REPORT**

A presentence hearing was held on this date on Defendant's Objections to the Presentence Report. After considering the arguments of counsel, the Court ruled as follows:

**OBJECTION NO. 1 (¶¶39, 40):**

Defendant objects that Paragraph 39 consists of a misdemeanor conviction for Resisting an Officer (Docket #17M2585) where he received a sentence of 6 months jail, suspended, up to 12 months probation, $500 fine plus costs with a 90-day default period.

Defendant's Criminal History Computation is located in paragraph 40. The defendant objects to the 2-point enhancement pursuant to USSG §4A1.1(d), which states the Criminal History category is increased by 2 levels if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Counsel argues this 2-point enhancement does not apply as the conviction in ¶39 does not meet the criteria of a countable sentence under USSG §4A1.2(c)(1)(A) as the sentence was suspended and the term of probation was not more than one year.

**Ruling on Objection No. 1:**

United States Sentencing Guidelines § 4A1.2(c), Sentences Counted and Excluded, provides:

> Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, **except as follows:**
>
> (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if
>
> > (A) the sentence was a term of probation of more than one year or **a term of imprisonment of at least thirty days**, or
> >
> > (B) the prior offense was similar to an instant offense:
> >
> > Careless or reckless driving
> > Contempt of court
> > Disorderly conduct or disturbing the peace
> > Driving without a license or with a revoked or suspended license
> > **False information to a police officer**
> > Gambling
> > Hindering or failure to obey a police officer
> > Insufficient funds check
> > Leaving the scene of an accident
> > Non-support
> > Prostitution
> > **Resisting arrest**
> > Trespassing.

(emphasis added)

Defendant correctly states that he was originally sentenced to a suspended sentence of 6 months imprisonment and twelve months of probation. However, on January 8, 2020, Defendant's probation was revoked, and the original sentence of six months was imposed, along with the 90-day default for failing to pay the fine. Pursuant to USSG § 4A1.2, comment. (n.1), Prior Sentence. — "Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. See §4A1.2(a). A sentence imposed after the defendant's commencement of the instant offense, but prior to

sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct).

Defendant was originally given a probated sentenced, arrested for the instant offense, then was revoked and sentenced for the previous conduct prior to his sentencing for the instant offense. Therefore, it is a "prior sentence" by definition and it receives two points as indicated in the Pre-Sentence Report.

The criminal history score in ¶39 is correctly calculated and the 2-point enhancement in ¶40 is correctly applied.

Therefore, Defendant's Objection No. 1 is **DENIED**. No revisions are warranted.

**OBJECTION No. 2 (¶71):**

Defendant objects that, based on Objection #1, the Criminal History Category should be V and his guideline range should be 84 – 105 months.

**Ruling on Objection No. 2:**

For the reasons set forth in the Ruling on Objection No. 1, this objection is DENIED.

**OBJECTION No. 3 (¶88):**

Defendant objects to paragraph 88 which consists of the Factors that May Warrant a Sentence Outside of the Advisory Guideline System. Counsel states the presentence writer did not identify any facts or circumstances in the report that may be relevant to sentencing that were not otherwise considered in the guideline calculations or departure analysis. Counsel argues the defendant is a young man who lost both of his parents at a very young age, was moved around among relatives, and lost a father figure. Counsel argues further that the traumatic effects of these events cannot be overstated and influenced Defendant's current behavior. Counsel states

the Court should consider a departure based on the defendant's loss of family members during critical years of his development, and the resulting hardships.

**Ruling on Objection No. 3:**

The Court finds the information in this paragraph is accurate and no revision is warranted. However, as in every case, the Court has considered those factors set forth in 18 U.S.C. § 3553(a). Defendant's Objection No. 3 is DENIED.

Monroe, Louisiana, this 2nd day of September, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE